Petition for Writ of Mandamus Denied and
Memorandum Opinion filed October 5, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00933-CV



In Re Rino Punnoose Kalathil,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

On October 1, 2010, relator Rino Punnoose Kalathil
filed a petition for writ of mandamus in this court.  See Tex. Gov’t
Code Ann. §22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the
petition, relator asks this court to compel the Honorable Robert J. Kern,
presiding judge of the 387th District Court of Fort Bend County to vacate his
order signed September 21, 2010, ordering relator to produce discovery and to
appear at a hearing on October 6, 2010 to determine whether relator’s pleadings
in the underlying litigation should be struck.  Relator further asks this court
to compel the respondent to vacate his order denying relator’s motion for
summary judgment.

Factual and
Procedural Background

Relator and the real party in interest, Susan
Kalathil, entered into a mediated settlement agreement regarding their divorce
on May 4, 2009.  On May 29, 2009, the final decree of divorce was signed.  On
August 31, 2009, Susan filed a “Petition for PostDivorce Division of
Undisclosed Property” in which she alleged that Rino hid community assets
including undisclosed commissions earned from November 24, 2008 through May 4,
2009.  Because he hid those assets, Kalathil alleged that the mediated
settlement agreement did not include the commissions in the division of
property.  Rino subsequently filed a motion for summary judgment in which he
alleged that the trial court’s plenary power had expired, res judicata barred
Susan’s claims, and the court no longer had authority to modify its previous
judgment.  On February 12, 2010, the trial court denied the motion for summary
judgment.

In connection with her petition, Susan sought
discovery of certain documents from Rino, which Rino refused to produce.  Susan
filed at least three motions to compel.  The trial court’s order on the third
motion is the order complained of in this original proceeding.  In that order,
signed September 21, 2010, the trial court ordered Rino to “remove all general
and specific objections and produce and/or specifically identify which
documents are responsive” to certain of Susan’s requests for production.  The
trial court further ordered Rino to pay attorney’s fees to Susan’s attorney and
to appear on October 6, 2010 for a hearing on a motion to strike his pleadings.

Mandamus
Review

Mandamus relief is available if the trial court
abuses its discretion, either in resolving factual issues or in determining
legal principles, when there is no other adequate remedy by law.  See Walker
v. Packer, 827 S.W.2d 833, 839–40 (Tex.1992).  A trial court abuses its
discretion if it reaches a decision so arbitrary and unreasonable as to amount
to a clear and prejudicial error of law, or if it clearly fails to analyze or
apply the law correctly.  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d
379, 382 (Tex. 2005).

 

Analysis

Relator seeks a writ of mandamus declaring any orders
issued following the divorce void because the court’s plenary power expired 30
days after the final divorce decree was signed.  Relator further seeks a writ
of mandamus because the trial court denied his motion for summary judgment.

Plenary Power

Relator raises the issue whether the trial court has
jurisdiction over Susan’s petition for post-divorce division of previously
undisclosed assets.  If the court has jurisdiction, Susan is entitled to pursue
discovery.  Section 9.006 of the Family Code provides that the trial court “may
render further orders to enforce the division of property made in the decree of
divorce or annulment to assist in the implementation of or to clarify the prior
order.”  Tex. Fam. Code Ann. § 9.006(a).  Under the Family Code, Susan is
entitled to file a separate suit seeking assistance in the implementation of
the divorce decree to which she agreed.  Under Texas Family Code section 9.002,
the court rendering the decree of divorce retains the power to enforce the
property division.  Tex. Fam.Code Ann. § 9.002; Marshall v. Priess, 99
S.W.3d 150, 156 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  The court also
may render further orders to assist in the implementation of or to clarify the
prior order. Tex. Fam.Code Ann. § 9.006(a); Marshall, 99 S.W.3d at 156. 
Therefore, to the extent Susan is not attempting to alter the substantive
division of property in the final divorce decree the trial court has continuing
jurisdiction to consider Susan’s petition as a post-divorce enforcement of the
division of property.  See Marshall, 99 S.W.3d at 156.  Susan’s petition
is not a motion for new trial or attempt to have the trial court overturn the
final decree of divorce.  It is a separate action filed to enforce the division
of property agreed to in the original mediated settlement agreement.  Susan
does not seek to change the divorce decree, but to enforce it which is
permitted under the Family Code.

Therefore, relator has failed to establish
entitlement to writ of mandamus because the trial court has jurisdiction over
the new suit filed.

Motion for Summary Judgment

Mandamus is generally unavailable when a trial court
denies summary judgment, no matter how meritorious the motion, because “trying
a case in which summary judgment would have been appropriate does not mean the
case will have to be tried twice.”  In re McAllen Med. Ctr., Inc., 275
S.W.3d 458, 465–66 (Tex. 2008).  Although the supreme court recently found
mandamus was appropriate to correct the erroneous denial of a motion for
summary judgment, the court noted that extraordinary circumstances merited
extraordinary relief.  See In re USAA, 307 S.W.3d 299, 314 (Tex. 2010). 
This case does not present such extraordinary circumstances.  Under the facts
of this case, petitioner has an adequate remedy by appeal.

Relator has not established entitlement to the
extraordinary relief of a writ of mandamus on the ground that the trial court
improperly denied summary judgment.  Accordingly, we deny relator’s petition
for writ of mandamus.

 

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice Hedges and Justices Yates and
Anderson.